IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Edward Angelo Bonaldi, | C.A. No.: 2:15-cv-344-PMD-MGB |
| Plaintiff, | |
| v. | **O R D E R** |
| Allison-Smith Company LLC and International Brotherhood of Electrical Workers Local 776, | |
| Defendants. | |

The instant action arose out of Plaintiff's employment and discharge as a journeyman wireman at projects in Moncks Corner and North Charleston. In an Order dated March 23, 2017, the undersigned granted Defendants' Motions for Summary Judgment; judgment was entered that same day. (Dkt. No. 162; *see also* Dkt. No. 163.) On March 29, 2017, Defendant International Brotherhood of Electrical Workers Local 776 filed a Bill of Costs. (Dkt. No. 164.) On April 5, 2017, Defendant Allison-Smith Company LLC filed a Bill of Costs. (Dkt. No. 165.)[1] Shortly thereafter, Plaintiff filed a Notice of Appeal. (Dkt. No. 166.) On June 6, 2017, the Fourth Circuit granted Plaintiff's motion to voluntarily dismiss the appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. (*See* Dkt. No. 169.)

Rule 54(d) of the Federal Rules of Civil Procedure states, in relevant part,

Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1); *see also* Local Civ. Rule 54.03, D.S.C. ("A bill of costs may include all

---

[1] Plaintiff did not respond to either Bill of Costs.

1

items set forth in the relevant statutes and rules and is subject to final approval by the court. A bill of costs shall be filed within the time limits set by Fed. R. Civ. P. 54(d)(2)(B) for applications for attorney's fees. Noncompliance with this time limit shall be deemed a waiver of any claim for costs." (footnote omitted)).

In conformity with 28 U.S.C. § 1924, defense counsel appropriately verified the bill of costs. (*See* Dkt. No. 164 at 1 of 2; Dkt. No. 165 at 1 of 2.) Title 28, United States Code, Section 1920, identifies the following as costs a court may tax:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Having reviewed the Bills of Costs, the undersigned concludes that the Bill of Costs filed by Defendant International Brotherhood of Electrical Workers Local 776 is appropriate. The Clerk should tax costs in the amount of $3,233.98 as to Defendant International Brotherhood of Electrical Workers Local 776. (*See* Dkt. No. 164.) However, as to Defendant Allison-Smith Company LLC, the Bill of Costs is reduced by the $500.00 for fees incurred on applications for its attorneys' *pro hac vice* admissions to this Court. Although § 1920 authorizes taxation for "[f]ees of the clerk," "[n]either § 1920, Rule 54(d) of the Federal Rules of Civil Procedure, nor Rule 54 of the Local Rules for the United States District Court for the District of South Carolina expressly authorize the taxation of pro hac vice fees." *Moss v. Spartanburg Cty. Sch. Dist. No. 7*, No. 7:09-cv-1586-HMH,

2011 WL 1870280, at *1 (D.S.C. May 17, 2011). In *Kelley v. International Brotherhood of Teamsters, Local Union 71*, No. 4:11-cv-1268-RBH, 2014 WL 1366038, at *2 (D.S.C. Apr. 7, 2014), Judge Harwell agreed with Judge Herlong's analysis and found "that *pro hac vice* fees are not properly taxable under § 1920, Rule 54, or Local Rule 54.03." The undersigned agrees with Judges Herlong and Harwell and therefore concludes that the $500.00 in costs associated with *pro hac vice* applications is not taxable. The remaining costs Defendant Allison-Smith Company LLC seeks are appropriate. It is thus entitled to costs in the amount of $5,603.85.

It is therefore **ORDERED** that the Clerk shall tax costs to Plaintiff as follows: (a) $3,233.98 as to Defendant International Brotherhood of Electrical Workers Local 776 (*see* Dkt. No. 164); and (b) $5,603.85 as to Defendant Allison-Smith Company LLC (*see* Dkt. No. 165).

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

June 16, 2017
Charleston, South Carolina